UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERB REED ENTERPRISES, LLC, a Massachusetts Company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FLORIDA ENTERTAINMENT MANAGEMENT, INC., a Nevada Company, and LARRY MARSHAK an individual,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-00560-MMD-GWF<br><br>ORDER<br><br>(Plf's Motion for Further Orders – dkt. no. 54). |

　　　　Before the Court is Plaintiff's Motion for Further Orders.  (Dkt. no. 54.)  Plaintiff asserts that Defendants are not in compliance with this Court's July 24, 2012, preliminary injunction. The preliminary injunction required in pertinent part the following:

> Defendants and their agents are preliminary enjoined from use of the mark "The Platters," and any equivalent or phonetically similar names or marks, in connection with any vocal group in any advertisements, promotional marketing, or other materials, with two narrow exceptions.
>
> First, Defendants may use the mark "The Platters" in connection with the names "Larry Marshak's Tribute to The Platters" or "Larry Marshak's Salute to The Platters."  The words "tribute" or "salute" must be at least one half the font size of the words "The Platters" in any of Defendants' advertising.
>
> Second, Defendants may use the mark "The Platters" in any other manner with Plaintiff's permission.

Plaintiff contends that Defendants have not fully complied with the order because its agents and/or customers either (1) do not call their group a tribute or salute group in advertising and promotions; and/or (2) do not comply with the font size requirement.

To ensure compliance with this Court's preliminary injunction, the Court GRANTS Plaintiff's Motion. Pursuant to 15 U.S.C. § 1116(a),[1] Defendants must file with the Court the following:

1. A list of schedules of all upcoming performances in which Defendants' group is slated to perform, including:
   a. The date of the performance;
   b. The name of the booking agent who booked the performance;
   c. The venue where the performance will occur;
   d. The date the notice of the Court's July 24, 2012, order was sent to the booking agent and venue.

2. A list of all agents Defendants do business with, and the date the notice of the Court's July 24, 2012, order was sent to those booking agents.

The report must be filed fifteen (15) days after the relevant protective order is issued in this case. (*See* dkt. no. 76.) If the information in the report is subject to the confidentiality requirements set forth in the protective order, then the report must be filed under seal in compliance with the terms of said order.

Defendants shall file additional reports in compliance with the terms of this Order in ninety day increments, dated from the date of the filing of the first report.

The Court refers monitoring of Defendant's compliance with the Court's July 24, 2012, order to the Magistrate Judge.

ENTERED THIS 29th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The statute provides that an "injunction may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction."