UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERB REED ENTERPRISES, LLC, a Massachusetts company,<br><br>                        Plaintiff,<br><br>vs.<br><br>FLORIDA ENTERTAINMENT MANAGEMENT, INC, a Nevada company; and LARRY MARSHAK, an individual,<br><br>                        Defendants. | Case No.: 12-CV-560-MMD-GWF |

## STIPULATED PROTECTIVE ORDER

Plaintiff Herb Reed Enterprises, LLC and Defendants Florida Entertainment Management, Inc. and Larry Marshak, through counsel, pursuant to Federal Rule of Civil Procedure 26(c), hereby stipulate and agree to the following Protective Order:

1. <u>Definitions</u>:

    (a)    "Confidential Information" means any information, document, electronic data, testimony, or inspection that is designated and/or marked as "CONFIDENTIAL" in good faith by the party producing the materials. Any information, document, electronic data, testimony, or inspection produced by a party in this litigation may be designated and marked as Confidential Information; provided, however, that notwithstanding any such designation or marking, Confidential Information does not include information that is readily available, in the public domain at the time it was communicated, and/or publicly disclosed by the party producing it.

    (b)    "Highly Confidential Information" means any information, document, electronic data, testimony, or inspection that is designated and marked "HIGHLY CONFIDENTIAL" in good faith by the party producing, and that either constitutes or contains information that a party in good faith believes is a trade secret or sensitive personal information.

/ / /

/ / /

(c) "Qualified Persons" means:

(i) attorneys of record for the parties and persons employed by the law firm of the attorneys of record who are assigned by the attorney of record to perform work for the attorney on the matter;

(ii) a party or any representative of a party responsible for or involved in the conduct of this litigation, provided that Confidential Information disclosed to any such person shall be limited to that which reasonably relates to his or her role in the litigation;

(iii) stenographic reporters performing work related to this litigation;

(iv) expert witnesses or prospective expert witnesses, except that Confidential Information and Highly Confidential Information disclosed to such persons shall be limited to that reasonably necessary for them to form an opinion or prepare their testimony as to the matters about which the attorney retained or may retain them;

(v) consultants retained by the parties to assist the attorneys of record, except that Confidential Information and Highly Confidential Information disclosed to such persons shall be limited to that which reasonably relates to the issues or subjects of the consultation;

(vi) persons reasonably expected to testify at a hearing or trial, except that Confidential Information or Highly Confidential Information disclosed to such persons shall be limited to that which is reasonably necessary for their testimony or its preparation; and

(vii) such persons as hereafter are qualified to receive Confidential Information or Highly Confidential Information by Court order or agreement of the parties.

2. Use and Disclosure:

(a) Absent a specific order by this Court, or written permission from the designating party, information once designated as Confidential Information or Highly Confidential Information shall be used by Qualified Persons solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

(b) Confidential Information shall not be disclosed to anyone other than a Qualified Person. Prior to disclosure, each Qualified Person, except those identified in paragraphs 1(c)(i) and (iii), shall first execute an acknowledgment in the form attached as Exhibit A. The original executed acknowledgment shall be retained by the attorney disclosing the Confidential Information, and a copy thereof forwarded to the opposing attorney.

(c) Highly Confidential Information shall be used and disclosed only to the persons and only under the circumstances described herein. Highly Confidential Information shall not be disclosed to anyone other than a Qualified Person identified in paragraphs 1(c)(i), (iii), (iv), (v), (vi) and (vii). Prior to any disclosure of Highly Confidential Information, each such person, except those identified in paragraphs 1(c)(i) and (iii), must execute an acknowledgment in the form attached hereto as Exhibit A, a copy of which shall be provided to the producing party within ten (10) business days of execution, along with any one of the following: either submit a CV or resume when such persons are identified OR name that person, current employment, 10 year work history and educational qualifications to determine possible competitors. The producing party, upon confirmed receipt of an executed acknowledgement form, shall have ten (10) business days to lodge a written objection to disclosure to any person seeking disclosure of Highly Confidential Information. Disclosure shall not occur until either (i) the disclosing party agrees to withdraw the objection or (ii) the party seeking disclosure successfully petitions the Court for relief and an appropriate order is entered.

(d) In the event that Confidential Information or Highly Confidential Information is disclosed to a person who is not authorized to receive it, such disclosure shall not affect the confidentiality of the information or of other properly designated materials. The party and/or person disclosing the information shall immediately notify the attorney of record for the other party about the substance and content of the information disclosed and the identify of all recipients of such information, and shall make all reasonable efforts to have all recipients return all information disclosed and/or execute an acknowledgment in the form attached hereto as Exhibit A.

(e) Anyone who has Confidential Information or Highly Confidential Information shall maintain it in a locked filing cabinet, briefcase, or other secure and enclosed storage receptacle, except when the information is in active and immediate use.

3. <u>Discovery Proceedings</u>:

(a) All answers to interrogatories, requests for the production of documents and things, requests for admissions, and all documents or things produced, which constitute, comprise or contain Confidential Information or Highly Confidential Information shall be so identified and marked prominently by the disclosing party. Such identification or marking shall be made at the time that the answer, document or thing is produced.

(b) In the case of depositions, the attorney of record for the disclosing party shall advise the opposing attorney of record of the specific pages claimed to fall within the terms of this Protective Order either during the deposition or within thirty (30) days of receiving the transcript of the deposition. If not so designated during the deposition, the entire deposition transcript shall remain confidential during that thirty-day period. The entire deposition transcript may be designated as Confidential Information or Highly Confidential Information if it so qualifies. Parties to this litigation may attend any deposition, and shall only be precluded from monitoring deposition responses to those questions deemed Highly Confidential during the course of the deposition or in transcripts.

(c) Only Qualified Persons authorized to receive Confidential Information may be deposed with respect to Confidential Information, and only Qualified Persons authorized to receive Confidential Information may be present during such portions of such depositions. Only Qualified Persons authorized to receive Highly Confidential Information may be deposed related to Highly Confidential Information, and only persons authorized to receive Highly Confidential Information may be present during the portions of such depositions. A reporter recording any Confidential Information or Highly Confidential Information, or incorporating such information into the transcript, shall transmit the transcript only to the attorneys of record for the parties. Such transcripts shall not be filed with the Court, except under the terms set forth herein.

4. <u>Failure to Identify or Mark</u>: If a party produces a document or information constituting, comprising or containing Confidential Information or Highly Confidential Information without identifying and marking it as such, the disclosing party may so identify and mark such document or information at any time thereafter without waiver or prejudice to such rights as may thereafter arise under this Agreement.

5   <u>Inadvertent Disclosure</u>.

If, through inadvertence, a producing party provides any " Confidential" or " Highly Confidential" , material in this litigation without marking the information as " Confidential" or " Highly Confidential" ," the producing party may subsequently inform the receiving party in writing of the " Confidential" or " Highly Confidential," nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been inadvertently disclosed to persons not authorized to receive the material under the terms hereof. A party objecting to any such designations shall follow the procedures set forth above. Prior disclosure of material later designated shall not constitute a violation of this Order. If " Confidential" or " Highly Confidential" material is disclosed to any person other than in the manner authorized by this Order, the person responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information. The person making such disclosures shall be responsible for any damages caused to the producing party by virtue of such disclosure.

Inadvertent disclosure of privileged or protected trial-preparation materials shall be governed by Fed. R. Civ. P. 26(b)(5)(B).

6. <u>Challenges</u>: The attorney of record for the party receiving Confidential Information or Highly Confidential Information may, at any time, give written notice to the attorney of record for the party that produced the information that the receiving party challenges the designation of the information. If the parties cannot resolve the dispute amicably, then the requesting party may file a

motion seeking an Order of the Court with respect to the information in question. The party who designated the information shall bear the burden of demonstrating that the designation is appropriate. The party challenging the designation shall treat the information as being properly designated hereunder until the Court rules otherwise.

7. <u>Filing With the Court</u>:

A party seeking to file documents containing Confidential Information or Highly Confidential Information under seal will first file a motion to seal in accordance with the provisions of Local Rule 10.5.

8. <u>Retention of Jurisdiction</u>. Jurisdiction is to be retained by this Court after final determination of this action for purposes of enabling any party or person affected by this Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary.

9. <u>Further Order</u>: Nothing herein shall preclude any party from applying to the Court for any appropriate modification hereof; provided, however, that prior to such application, the parties shall certify in writing that they have endeavored unsuccessfully to resolve the matter.

10. <u>Scope</u>: This Order shall govern only the pretrial proceedings in this matter. The handling of Confidential Information and Highly Confidential Information at trial and thereafter shall be governed by a later Court order.

11. <u>Return of Information</u>: Upon termination of this action and all timely filed direct appeals, the Court shall return all documents containing Confidential Information or Highly Confidential Information to the attorney of record for the party who filed such document. Further, upon termination of this action, all materials containing or comprising Confidential Information or Highly Confidential Information, and any copies thereof, in the possession of any party, attorney or person shall be returned to the attorney of record for the party who produced the information, or shall be destroyed if the attorney of record for the party who produced the information authorizes such destruction; provided, however, that attorneys of record may retain their attorney work product that contains or comprises such materials. The restrictions of this Protective Order shall

continue to apply to any such Confidential Information or Highly Confidential Information retained by an attorney.

12. <u>Other Proceedings</u>. If any party, attorney or person is requested to disclose Confidential Information or Highly Confidential Information pursuant to a subpoena, order of a court of competent jurisdiction, or otherwise, that party, attorney or person shall give notice of such request to the attorney of record of the party who produced the information at least twenty (20) business days prior to any scheduled date for the disclosure of the information. In the event that the period for the requested disclosure is shorter than twenty (20) business days, the party, attorney or person shall give the attorney of record for the party who produced the information immediate notice of the request upon its receipt.

IT IS SO STIPULATED

DATED: November 1, 2012

| **LEWIS AND ROCA, LLP** | **HUTCHISON & STEFFEN, LLC** |
|---|---|
| By: ___/s/John L. Krieger_____<br>John L. Krieger<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169<br>(702) 949-8200<br><br>Eric M. Sommers<br>Sommers Law, PLLC<br>600 State Street, Suite 1<br>Portsmouth, NH 03801<br>(603) 570-4854<br><br>*Attorneys for Herb Reed Enterprises, LLC* | By: ___/s/Jacob A. Reynolds___<br>Joseph S. Kistler<br>Jacob A. Reynolds<br>Peccole Professional Park<br>10080 West Alta Drive, Suite 200<br>Las Vegas, Nevada 89145<br>(702) 385-2500<br><br>Yuval H. Marcus<br>Cameron S. Reuber<br>LEASON ELLIS LLP<br>One Barker Avenue, Fifth Floor<br>White Plains, NY  10601<br><br>*Attorneys for Larry Marshak and*<br>*Florida Entertainment Management, Inc.* |

**IT IS SO ORDERED**

_/s/ George Foley Jr._____
UNITED STATES MAGISTRATE JUDGE

DATED: November 2, 2012

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERB REED ENTERPRISES, LLC, a Massachusetts company,<br><br>                 Plaintiff,<br><br>  vs.<br><br>FLORIDA ENTERTAINMENT MANAGEMENT, INC, a Nevada company; and LARRY MARSHAK, an individual,<br><br>                 Defendants. | Case No.: 12-CV-560-MMD-GWF |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

    I, _____, agree and acknowledge that I am bound by the terms of the Protective Order entered by the Court in the above-captioned matter. I specifically and expressly agree and acknowledge as follows:

    1.    I have read the entire Protective Order. I fully understand the terms of that Order, and the obligations that I am entering into pursuant to it.

    2.    I agree not to disclose Confidential Information to any other person, except to the extent that I am specifically instructed to do so, in writing, by an attorney of record in this matter.

    3.    If I am entrusted with Highly Confidential Information, I agree not to disclose the Highly Confidential Information to any other person, except an attorney of record in this matter.

    4.    I agree not to use Confidential Information in any manner whatsoever, except for the sole purpose of performing my responsibilities in this litigation. In other words, I agree to use Confidential Information solely for the specific purpose of this litigation. I agree that, after this litigation ends, I will immediately return any and all Confidential Information within my possession, custody or control to a counsel of record in this case without retaining any copy.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

5.    If I receive Highly Confidential Information, I agree and acknowledge that I am being trusted with highly sensitive information, and I absolutely will not use such information, in any manner whatsoever, directly or indirectly, for anything other than matters directly at issue in the litigation. I further agree and acknowledge that I am absolutely prohibited from utilizing, considering, discussing, contemplating, thinking about, implementing, or in any other way using Highly Confidential Information for any business or personal purpose whatsoever, including competing with the disclosing party.

6.    I agree that I will submit to the jurisdiction of this Court, and that, if I breach the terms of the Protective Order, I will be subject to civil sanctions in this Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Date

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169